**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FRANCIS J. HANRATTY, III,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　Agency.

DOCKET NUMBER
AT-0752-17-0669-I-1

DATE: July 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Howard Drew</u>, Fort Rucker, Alabama, for the appellant.

<u>Weston C. Harlan</u>, Fort Rucker, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his removal for sex discrimination.[2]　Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

[2] The agency used the term "gender discrimination" to describe the appellant's conduct. Initial Appeal File, Tab 4 at 12, 44.　As the Supreme Court held in *Bostock v. Clayton County*, discrimination based on "gender" is discrimination based on sex.　*Bostock v. Clayton County*, 590 U.S. ___, 140 S. Ct. 1731, 1741 (2020) (holding that "it is

as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct legal standard to the charge of sex discrimination, we AFFIRM the initial decision.

¶2      When, as here, an agency charge of discrimination does not refer to internal agency policy, the agency must prove that the appellant's conduct constituted discrimination under Title VII of the Civil Rights Act of 1964. *See Gilmore v. Department of the Army*, 87 M.S.P.R. 579, ¶ 20 (2001); *Yeabower v. Department of Agriculture*, 10 M.S.P.R. 386, 389 (1982). Although the administrative judge applied Title VII standards to her analysis of the charge, she relied on the framework applicable when an appellant seeks to establish that discrimination motivated an agency to take a personnel action against him. Initial Appeal File (IAF), Tab 35, Initial Decision at 5-11. Here, the agency did not allege that the appellant took a personnel action against anyone but, rather, that he engaged in sex discrimination by making offensive remarks in the classroom. IAF, Tab 4

impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex"). We need not, accordingly, distinguish between sex and gender discrimination.

at 89-90. Thus, we modify the initial decision to apply the correct standard, still finding that the agency proved the charge.

¶3 Discrimination with respect to the "terms, conditions, and privileges" of one's employment "includes requiring people to work in a discriminatorily hostile or abusive environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Thus, "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Id.* Title VII does not prohibit all workplace harassment; rather, it forbids only conduct that constitutes discrimination because of a protected category and is sufficiently severe or pervasive to alter the terms and conditions of the victim's employment and to create an objectively hostile and abusive work environment. *See Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81 (1998). Accordingly, to prove the charge in this case, the agency must prove by preponderant evidence that the appellant's conduct was based on the victim's sex and that it created a hostile work environment.[3] *Id.*; 5 C.F.R. § 1201.56(b)(1)(ii).

¶4 This standard for determining whether conduct constitutes a hostile work environment under Title VII takes a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury. *Viens v. Department of the Interior*, 92 M.S.P.R. 256, ¶ 9 (2002). Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. *Id.* If the victim has not subjectively perceived the environment as abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no

---

[3] Preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Title VII violation. *Id.* Determining whether the environment is hostile or abusive must be made by examining all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance. *Id.*, ¶ 10. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. *Id.*

¶5 We find no basis to disturb the administrative judge's conclusions that the appellant made the comments attributed to him in specifications B through E, that his comments were objectively offensive, and that he created a discriminatory environment toward the female students based on their sex. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility). In addition, considering all the facts and circumstances, we find that Students B and C subjectively perceived the classroom environment to be hostile and that the appellant subjected them to unwelcome conduct related to their sex that unreasonably interfered with their ability to learn and created a hostile work environment. *See Hiebert v. Department of Transportation*, EEOC Appeal No. 01A05253, 2003 WL 21302525, at *1-*2 (2003) (finding that sexist comments, ridicule, and sex-based jokes in the workplace created a hostile work environment). Therefore, we find that the agency proved that the appellant subjected Students B and C to a hostile work environment. On the other hand, the agency has not shown that Students D and E subjectively perceived the environment to be hostile or abusive, and, consequently, specifications D and E do not contribute to a finding of hostile work environment.

¶6 In light of the foregoing, we find that the agency proved the charge of sex discrimination. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172

(Fed. Cir. 1990) (stating that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                       /s/ for
                                     _____
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.